ANERIO V. ALTMAN, Cal. Bar No. 228445
LAKE FOREST BANKRUPTCY
26632 Towne Centre Drive #300
Foothill Ranch, CA 92610
Telephone:  949-218-2002
Facsimile:  949-218-2002
avaesq@lakeforestbkoffice.com
Bankruptcy Counsel for
Chapter 7 Trustee
Jeffrey I. Golden

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA-SANTA ANA DIVISION

| | |
|---|---|
| In re<br><br>INSHAD EGAP KALLER | Case No. 8:23-bk-11467-SC<br><br>Chapter 7<br><br>**CHAPTER 7 TRUSTEE'S NOTICE OF MOTION AND MOTION FOR ORDER REQUIRING PERSONAL TESTIMONY AND PRODUCTION OF DOCUMENTS FROM MARK KALLER PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 2004; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF ANERIO V. ALTMAN, ESQ IN SUPPORT: DECLARATION OF JEFFREY GOLDEN IN SUPPORT**<br><br><u>Judge</u><br>Hon. Scott Clarkson<br><br>[No hearing required] |

///

///

FRBP 2004 EXAM REQUEST

-1-

TO THE HONORABLE SCOTT CLARKSON, U.S. BANKRUPTCY JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, AND ALL INTERESTED PARTIES:

PLEASE TAKE NOTICE that Jeffrey I. Golden, Chapter 7 trustee (the "Trustee") of the bankruptcy estate (the "Estate") of Inshad Egap Kaller (The "Debtor") hereby moves the Court (the "Motion"), pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure and Rule 2004-1 of the Local Bankruptcy Rules, for an order:

1. Compelling Mark Kaller to appear for the purpose of giving testimony as to those issues listed in **Exhibit 2** not later than July 12th, 2024, or at any other date as may be agreed upon in writing by the Trustee and Mr. Kaller, by remote deposition; and

2. Compelling Mark Kaller to produce certain documents for the Trustee for inspection and copying that are listed in **Exhibit 3** not later than July 12th, 2024, or at any other date as may be agreed upon in writing by the Trustee and Mr. Kaller by electronic delivery to avaesq@lakeforestbkoffice.com or by delivery to Lake Forest Bankruptcy II, APC, 26632 Towne Centre Drive #300, Foothill Ranch, CA 92610.

PLEASE TAKE FURTHER NOTICE that the Motion is based on the attached Memorandum of Points and Authorities, Declaration of Anerio V. Altman, the pleadings and papers on file with the Court, and on such other matters as may be presented to the Court at the time of any hearing on the motion.

PLEASE TAKE FURTHER NOTICE that, pursuant to Local Bankruptcy Rule 2004-1(d), the Motion may be granted without a hearing. Accordingly no hearing will be held on the Motion unless the Court orders otherwise.

Dated: June 19, 2024                                      Respectfully Submitted,

LAKE FOREST BANKRUPTCY II, APC

By:_____
    ANERIO V. ALTMAN, ESQ.
    Attorney for Jeffrey I. Golden
    Chapter 7 Trustee

FRBP 2004 EXAM REQUEST

-3-

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

By this Motion, Jeffrey I. Golden (the "Trustee"), Chapter 7 Trustee of the bankruptcy estate of Inshad Egap Kaller (the "Debtor"), seeks the production of records by Mark Kaller ("Mr. Kaller") pursuant to Federal Rule of Bankruptcy Procedure 2004 ("Rule 2004) and Local Bankruptcy Rule 2004-1. The Trustee understands that the Debtor transferred her interest in real property located at 22 Sweet Shade, Irvine, CA 92606 to Mr. Kaller pursuant to a voluntary marital settlement agreement in or around January 2022 for little or no consideration. Further, the Trustee understands that the Debtor transferred her interest in certain corporate interests that existed during course and scope of the Debtor's marriage for little or no consideration. The Trustee seeks to investigate these transfers and determine whether or not such transfers constitute recoverable preferences which could benefit the estate.

### II. BACKGROUND FACTS

On or about July 19, 2023 ("Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code, commencing case no. 8:23-bk-11467-SC ("Case"). Jeffrey I. Golden was appointed Chapter 7 trustee.

The Debtor's Schedule A/B lists the real property located at 22 Sweet Shade, Irvine, California 92606 ("Property") which the Debtor indicates was acquired in 2012 by the Debtor's former spouse, Mark Kaller, when the Debtor married Mr. Kaller. The Property was transferred out of the Debtor's name in May 2021 ("Transfer") as a result of a pre-petition marital settlement agreement ("MSA") reached by the parties.

Further, the MSA divested the Debtor of her interest in four corporations and transferred that interest to Mr. Kaller. These were: Kaller Aerospace, AAIM REI, Notthoff Engineering and Kaller, Inc. The Trustee does not know the value of these interests and so needs to investigate the value of these transfers.

FRBP 2004 EXAM REQUEST

-4-

The Trustee attempted to arrange this examination voluntarily but Mr. Kaller was not responsive. See the Declaration of Anerio V. Altman, Esq.

### III. NO ADVERSARY PROCEEDING

There is no pending adversary proceeding in this case between Trustee and Mr. Kaller. The Trustee seeks to examine Mr. Kaller and to obtain production of documents pursuant to Rule 2004, not pursuant to FRBP 7030, which incorporates Federal Rule of Civil Procedure 30, or FRBP 9014.

### IV. MEET AND CONFER REQUIRED BY LOCAL BANKRUPTCY RULE 2004-1(A)

Pursuant to Local rule 2004-1(a), on or around April 24th, 2024 , Anerio V. Altman, Esq. counsel for the Trustee, sent a letter to Mr. Kaller requesting a telephonic meet and confer. A true and correct copy of the letter is attached hereto as "Exhibit 1". See the Declaration of Anerio V. Altman, Esq.; Exhibit 1. Mr. Kaller did not respond to the letter. Declaration, supra. These attempts to meet and confer satisfy the requirements of Local Bankruptcy Rule 2004-1(a).

### V. MEMORANDUM OF POINTS AND AUTHORITIES

A.    The Court Should Authorize the 2004 Examination of Mr. Kaller

FRBP 2004(a) provides that the Court may order the examination of any entity on application of any party. The scope of the Bankruptcy Rule 2004 examination is deliberately broad:

> The investigation of an examiner in bankruptcy, unlike civil discovery under Rule 26(c), is supposed to be a "fishing expedition." An exploratory and groping as appears proper to the examiner [citations omitted]. Because the purpose of the 2004 investigation is to aid in the discovery of assets, any third party who can be shown to have a relationship with the debtor can be subject to the 2004 investigation.

In Re Ionosphere Clubs, Inc. 156 B.R. 414, 432 (Bankr. S.D.N.Y. 1993); In Re Valley Forge Plaza Associates, 109 B.R. 669, 674 (Bankr. E.D. Pa. 1990).

FRBP 2004 EXAM REQUEST

The standard for an FRBP 2004 examination is a showing that the examination "might" reasonably lead to information relevant to the financial condition of the debtor or the administration of the Debtor's estate.

However, the breadth of scope of a Rule 2004 Examination derives from the particular purpose for which Rule 2004 and its predecessor provisions under the Bankruptcy Act were promulgated. That is to allow a trustee, or others interested in accomplishing the same ends, to discovery and investigate how to bring to light possession of assets of the Debtor which might be intentionally concealed or overlooked in ignorance or haste. Valley Forge, *supra 109 B.R. at 674.*

Good cause is established if one seeking the Rule 2004 Examination has shown that such an examination is reasonably necessary for the protection of its legitimate interest. In Re Hammond 140 B.R. 197, 201 (Bankr. S.D. Ohio 1982).

The Trustee is aware that the Debtor transferred her interest in real property and corporate interests to her ex-husband as part of a marital settlement agreement. Marital settlement agreements may be a device by which a Debtor can transfer the majority of their assets and become insolvent. That was the case here and that provides a basis for the Trustee to seek turnover of the property or value of the property from Mr. Kaller.

**VI. PRAYER**

For the foregoing reasons, Trustee respectfully requests that the Court enter an order:

1.　　　Approving the Motion;

2.　　　Requiring Mr. Kaller to appear for examination;

3.　　　Requiring the documents listed on "Exhibit 3" attached hereto to be produced at the law offices of Lake Forest Bankrutpcy II, APC in physical or electronic means no later than 5P.M. on July 12th, 2024; and

4　　　For such other relief as the court may deem just and proper.

FRBP 2004 EXAM REQUEST

Dated:  June 19, 2024

Signed:_____

ANERIO V. ALTMAN, ESQ.
LAKE FOREST BANKRUPTCY II, APC
ATTORNEYS FOR TRUSTEE
JEFF GOLDEN

FRBP 2004 EXAM REQUEST

-7-

## DECLARATION OF JEFFREY GOLDEN

I, Jeffrey Golden, declare as follows:

1.      I am the Chapter 7 Trustee for the bankruptcy estate of Inshad Kaller 8:23-bk-11567-SC. I have personal knowledge of the facts set forth herein, and if called and sworn as a witness, I could and would competently testify thereto,

2.      I make this Declaration in support of the Motion for Order Authorizing the Examination of Mark Kaller and Production of Documents Pursuant to Federal Rule of Bankruptcy Procedure 2004 and Local Rule of Bankruptcy Procedure 2004-1 ("Motion").

3.      I have read and I am aware of the contents of the Motion and the accompanying Memorandum of Points and Authorities.  The facts stated in the Motion and the Points and Authorities are true to the best of my knowledge, information and belief.

4.      The Court's docket indicates that the Debtor Inshad Kaller filed a voluntary chapter 7 petition on July 19th, 2023.

5.      After my appointment in the case, with the assistance of counsel I commenced an investigation into the assets of the Estate.

6.      By counsel, I intend to examine Mr. Kaller under oath to obtain the information required to determine the value and disposition of the real property or proceeds from the sale of real property that previously belonged to the Debtor.

7.      The scope of the requested 2004 examination is not related to matters at issue in any pending adversary proceedings.

      I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: ___4/12/24___        Signed: _____
                                    JEFFREY GOLDEN

FRBP 2004 EXAM REQUEST

-8-

## DECLARATION OF ANERIO V. ALTMAN, ESQ.

I, ANERIO V. ALTMAN, ESQ., declare as follows:

1.      I am over the age of 18 years old and I am legally able and competent to testify to the following in a court of law if required to do so.

2.      I am the attorney to Trustee Jeffrey Golden in this matter.

3.      On or around April 24th, 2024 I caused the letter, a true and correct copy of which is attached as Exhibit 1, to be delivered by personal delivery upon Mark Kaller at the address of 21401 Lemontree Lane, Huntington Beach, Ca 92648.

4.      I attempted to contact Mr. Kaller by phone.

5.      I received no response from Mr. Kaller as of the date of this motion.

6.      I make these declarations under penalty of perjury of the laws of the United States and know that they are true.

Dated:  June 19th, 2024                              Signed:_____
                                                                              ANERIO V. ALTMAN, ESQ.

FRBP 2004 EXAM REQUEST

-9-

**EXHIBIT 1**

FRBP 2004 EXAM REQUEST

## LAKE FOREST BANKRUPTCY
"LIVE DEBT FREE AGAIN!"
26632 Towne Centre Drive #300
Foothill Ranch, CA 92610

**VIA U.S. MAIL & HAND DELIVERY**

April 24, 2024

Mark Kaller
21401 Lemontree Lane
Huntington Beach, CA 92648

### RE: In Re:  Inshad Kaller 8:23-bk-11467-SC

Dear Mr. Kaller:

My name is Anerio Altman and I represent chapter 7 trustee Jeffrey Golden in the matter of In Re Inshad Kaller 8:23–BK–11467–SC.

We are writing to you because we are seeking to conduct an examination of you under local rule of bankruptcy procedure 2004 concerning a transfer of a parcel of property located at 22 Sweet Shade in Irvine, CA.  It is our understanding that sometime in the last three years the Debtor Inshad Kaller transferred her interest in real property to you as part of a marital settlement agreement. When Mrs. Kaller filed for bankruptcy protection on July 19th, 2023, the trustee gained an interest in all property that she owned at the time of filing and also gained an interest in certain properties that had been transferred away from her within the four years prior to filing.  It is further our understanding that this transfer was for little or no consideration that is treatable on the open market, and thus the trustee may attempt to avoid this transfer and recover it on behalf of the bankruptcy estate. Should the property already have been sold, the trustee could recover the value of this property to the extent there were any proceeds from the sale of this property, from whoever received this interest.  We believe that you were the only recipient of these funds, if any.

We need to know your availability to sit for this examination. It will be conducted remotely through the use of "zoom technology".  This examination will be recorded and will be part of a court proceeding.

If you have counsel, please have your counsel contact my office.  If you do not have council, please call my office at 949-218-2002 and make an appointment so we can arrange a conversation about a mutually agreeable time.

PHONE: (949) 218-2002;  FAX: (949) 218-2002
www.lakeforestbankruptcy.com

# LAKE FOREST BANKRUPTCY
### "LIVE DEBT FREE AGAIN!"
26632 Towne Centre Drive #300
Foothill Ranch, CA 92610

If we do not hear from you by May 15, we will seek in order from the court compelling you to attend this examination.

Please contact our office.

Sincerely,

Anerio V. Altman, Esq.
Supervising Bankruptcy Attorney
Lake Forest Bankruptcy

## EXHIBIT 2

### TOPICS OF EXAMINATION

1.      Improvements of the property located at 22 Sweet Shade, Irvine, CA 92606 ("Sweet Shade") since 2012.

2.      Ownership of Sweet Shade since Mr. Kaller first gained an interest in the property.

3.      Secured interests in Sweet Shade since Mr. Kaller first gained an interest in the property.

4.      Payments made to reduce the debt or pay the obligations secured against Sweet Shade since 2012.

5.      Source of the funds used to reduce the debt or pay the obligations secured against Sweet Shade since 2012.

6.      Any transactions selling Sweet Shade since 2012.

7.      Receipt of any proceeds from the sale of Sweet Shade since 2012.

8.      Bank accounts into which these proceeds were deposited if any.

9.      Disposition of the funds received from the sale of Sweet Shade since 2012 if any.

10.     The identity of any transferees who received funds from the sale of Sweet Shade if any.

11.     The identity of the transferee/purchaser of Sweet Shade since 2012.

12.     The date of acquisition of either the Debtor's or Mr. Kaller's ownership of Kaller Aerospace, AAIM REI, Notthoff Engineering and Kaller, Inc. ("Corporate Entities")

13.     The identity of any officers of the Corporate Entities.

14.     The current ownership of the Corporate Entities by Mr. Kaller.

15.     The bank account statements from January 1, 2020 until present from each of the Corporate Entities.

16.     The financial activities of the Corporate Entities.

17.     The assets of the Corporate Entities.

## EXHIBIT 3

Documents to be produced

## DEFINITIONS AND INSTRUCTIONS

The following definitions and instructions apply to each of the specific categories of documents requested below.

1. As used herein, the term "DOCUMENTS" refers to all writings or recordings of speech, sound, pictures, words, or symbols, however produced or reproduced, including the originals and any non-identical copies thereof, including, without limitation, letters, correspondence, emails, memoranda, notes, notebooks, binders, reports, agreements, preliminary, intermediate or final drafts, transcripts, court pleadings, lists, indexes, schematics, charts, diagrams, compilations, summaries, photographs, computer inputs, runs or print puts, computer disks, tapes or other information or data storage media, invoices, financial statements, workpapers or opinions, video or audio cassettes, tapes or disks, diaries, calendars, appointment books, notes or reports of telephone or other oral conversations, telephone logs, and all other writings as that term is defined by Rule 1001 of the Federal Rules of Evidence.

2. As used herein, the term "COMMUNICATIONS" refers to any transmittal of information in the form of facts, ideas, opinions, inquiries or otherwise, including, without limitation, the following: (a) any written letter, email, memorandum or other document; (b) any telephone call between two or more persons; (c) any conversation or meeting between two or more persons; and (d) any combination of any of the three preceding forms of communication.

3. As used herein, the term "INDIVIDUAL" or "INDIVIDUALS" includes, without limitation, one or more individuals, associations, partnerships, and/or corporation.

4. As used herein, the term "YOU" or "YOUR" means MARK KALLER. and/or collectively, any representatives, or anyone else acting on their behalf.

5. As used herein, the term "DEBTOR" means INSHAD KALLER, debtor in the above-entitled Chapter 7 case of In Re:  Inshad Kaller 8:23-bk-11467-SC.

6. As used herein, the term "RELATING TO" means in whole or in part constituting, defining, evidencing, mentioning, containing, describing, concerning, discussing, embodying, reflecting, edifying, analyzing, stating, referring to, dealing with, or in any way pertaining to.

7. "AND" or "OR" are intended to have both conjunctive and disjunctive meanings, so as to be inclusive of any documents which otherwise may be excluded from production.

8. "CONSIDERATION" shall mean any benefit conferred, or agreed to be conferred, upon the promisor, by any other person, to which the promisor is not lawfully entitled, or any prejudice suffered, or agreed to be suffered, by such person, other than such as he is at the time of consent lawfully bound to suffer, as an inducement to the promisor, is a good consideration for a promise.

9. The term "ASSET" shall mean a financial contract or physical object with value that is owned by an individual, company, or sovereign which can be used to generate additional value or provide liquidity. Assets are creditors to the balance sheet, and may include cash, investments, accounts receivable, loans granted, inventory, real estate, plant and equipment, and goodwill. Assets are characterized by varying degrees of liquidity and may be funded through debt or equity.

10. The term "ENTITY", legally means an entity that is equal to a person who might owe taxes, or a generic term inclusive of person, partnership, organization, or business. An "ENTITY" can be legally bound. An "ENTITY" is uniquely identifiable from any other "ENTITY".

11. The term "REAL PROPERTY" shall indicate land and/or immovable property on land such as buildings.

12. The use of singular includes the plural, and the use of the plural includes the singular, to as to be inclusive of any documents which otherwise may be excluded from production.

13. The use of the present tense includes the past tense, and the use of the past tense includes the present tense, so as to be inclusive of any documents which otherwise may be excluded from production.

14. As to each document produced, indicate among the exhibits the number or numbers of the Requests below to which the document is responsive. DOCUMENTS you produce may be responsive for more than one category and rather than producing a DOCUMENT more than once, you can indicate which requests they respond to.

15. This Request for Production covers all DOCUMENTS in YOUR possession, custody or control or in the possession, custody or control of the PLAINTIFF or any of its subsidiaries, affiliates, partners, joint ventures, members, shareholders, officers, directors, attorneys, representatives, employees, agents, or anyone else acting on YOUR behalf, wherever those documents are located. A DOCUMENT is deemed to be in YOUR "possession, custody or control" if it is in YOUR physical custody or if it is in the physical custody of any other INDIVIDUAL and YOU:

    a.  Own such DOCUMENT in whole or in part;

    b.  Have a right by contract, statute, or otherwise to use, inspect, examine or copy such DOCUMENT;

    c.  Have an understanding, express or implied, that YOU may use, inspect examine or copy such DOCUMENT; or

    d.  Are, as a practical matter, able to use, inspect, examine or copy such DOCUMENT.

16. Do not refuse to produce a DOCUMENT if it is a DOCUMENT you believe is in the possession of the DEFENDANT. Rather, if it is in your possession please produce it. If it is not in your possession at all, indicate that this is the case.

17. If any document requested herein is withheld pursuant to an objection based upon privilege, please identify each document for which the privilege is claimed and state:

    a.  The type of document (letter, report, memorandum, etc.).. including any title or identifying number thereon;

    b.  Its date of origin or preparation;

    c.  The name of its author or originator;

    d.  The name of its addressee(s), if any;

    e.  The name of all recipients of any copy of such document;

    f.  A brief summary of its substance; and

    g.  The factual and legal basis upon which privilege is claimed.

18. If any document requested to be produced herein was in your possession, custody or control, but has since been disposed of, lost, discarded, destroyed or otherwise has become unavailable, please provide the following:

a. The type of document (letter, report, memorandum, etc.)., including any title or identifying number thereon;

b. Its date of origin or preparation;

c. The name of its author or originator;

d. The name of its addresses(s), if any;

e. The name of all recipients of any copy of such document;

f. A brief summary of its substance;

g. The time period during which the document was in your possession, custody or control;

h. The name and address of any person or entity who to the best of your knowledge has a copy of the document;

i. The date or approximate time of the deposition, loss, destruction or discarding of the document, or when the document became unavailable; and

j. The reason for disposition, loss, destruction, discarding or unavailability of the document, and the person, if any, responsible therefore.

19. If anything is added or deleted from any document produced in response to this Request for Production, please state in each instance:

a. The date of the addition or deletion;

b. The reason for the addition or deletion;

c. The subject matter of the addition or deletion; and

d. The identity of any person participating in or making such addition or deletion.

## DOCUMENT REQUESTS

1.      Any Documents demonstrating any improvements of the property located at 22 Sweet Shade, Irvine, CA 92606 ("Sweet Shade") since 2012.

2.      Any documents demonstrating ownership of Sweet Shade since Mr. Kaller first gained an interest in the property.

3.      Any documents demonstrating secured interests in Sweet Shade since Mr. Kaller first gained an interest in the property.

4.      Any documents demonstrating payments made to reduce the debt or pay the obligations secured against Sweet Shade since 2012.

5.      Any documents demonstrating the source of the funds used to reduce the debt or pay the obligations secured against Sweet Shade since 2012.

6.      Any documents demonstrating transactions selling Sweet Shade since 2012.

7.      Any documents demonstrating the receipt of any proceeds from the sale of Sweet Shade since 2012.

8.      Any documents demonstrating Bank accounts into which these proceeds were deposited if any.

9.      Any documents demonstrating the disposition of the funds received from the sale of Sweet Shade since 2012 if any.

10.     Any documents demonstrating the identity of any transferees who received funds from the sale of Sweet Shade if any.

11.     Any documents demonstrating the identity of the transferee/purchaser of Sweet Shade since 2012.

12.     Any documents demonstrating the date of acquisition of either the Debtor's or Mr. Kaller's ownership of Kaller Aerospace, AAIM REI, Notthoff Engineering and Kaller, Inc. ("Corporate Entities")

13.     Any documents demonstrating the identity of any officers of the Corporate Entities.

14.     Any documents demonstrating the current ownership of the Corporate Entities by Mr. Kaller.

15.     Any documents demonstrating the bank account statements from January 1, 2020 until present from each of the Corporate Entities.

16.     Any documents demonstrating the financial activities of the Corporate Entities.

17.     Any documents demonstrating the assets of the Corporate Entities.

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

PO Box 515381, Los Angeles, CA 90051

A true and correct copy of the foregoing document entitled (*specify*):

Notice of Motion and Motion for 2004 Exam

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):** Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) ___06/19/2024___, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Anerio V Altman LakeForestBankruptcy@jubileebk.net, lakeforestpacer@gmail.com;ecf@casedriver.com
Jeffrey I Golden (TR) lwerner@go2.law, jig@trustesolutions.net;kadele@go2.law;C205@ecfcbis.com
United States Trustee (SA) ustpregion16.sa.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL:**

On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) ___06/19/2024___, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

Delivery to the court per the court manual.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 06/19/2024 | Anerio Ventura Altman, Esq. | /s/ Anerio Ventura Altman, Esq. |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                 **F 9013-3.1.PROOF.SERVICE**