| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Anerio Ventura Altman, Esq.<br>Bar Number: 228445<br>Lake Forest Bankruptcy<br>Lake Forest Bankruptcy II, APC<br>26632 Towne Centre Drive 300<br>Foothill Ranch, CA 92610<br>Phone: (949) 218-2002<br>Email: avaesq@lakeforestbkoffice.com<br><br>☐ *Debtor(s) appearing without an attorney*<br>☑ *Attorney for:* Inshad Egap Kaller | |

### UNITED STATES BANKRUPTCY COURT
### CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION

| In re:<br><br>Inshad Egap Kaller | CASE NO.: 8:23-bk-11467<br>CHAPTER: 7 |
|---|---|
| | **NOTICE OF OPPORTUNITY TO REQUEST A HEARING ON MOTION**<br><br>**[LBR 9013-1(O)]** |
| Debtor(s). | [No hearing unless requested in writing] |

## TO THE U.S. TRUSTEE AND ALL PARTIES ENTITLED TO NOTICE, PLEASE TAKE NOTICE THAT:

1. Movant(s) **Inshad Egap Kaller** ,

   filed a motion or application (Motion) entitled **Motion to Approve Compromise** .

2. Movant(s) is requesting that the court grant the Motion without a hearing as provided for in LBR 9013-1(o), unless a party in interest timely files and serves a written opposition to the Motion and requests a hearing.

3. The Motion is based upon the legal and factual grounds set forth in the Motion. (*Check appropriate box below*):

   ☑ The full Motion is attached to this notice; or

   ☐ The full Motion was filed with the court as docket entry # _____, and a detailed description of the relief sought is attached to this notice.

4. **DEADLINE FOR FILING AND SERVING OPPOSITION PAPERS AND REQUEST FOR A HEARING:** Pursuant to LBR 9013-1(o), any party who opposes the Motion may request a hearing on the Motion. The deadline to file and serve a written opposition and request for a hearing is 14 days after the date of service of this notice, plus 3 additional days if you were served by mail or pursuant to F.R.Civ.P. 5(b)(2)(D) or (F).

---

This form is optional. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

a.    If you timely file and serve a written opposition and request for a hearing, movant will file and serve a notice of hearing at least 14 days in advance of the hearing. [LBR 9013-1(o)(4)]

b.    If you fail to comply with this deadline:

(1)    Movant will file a declaration to indicate: (1) the Motion was properly served, (2) the response period elapsed, and (3) no party filed and served a written opposition and request for a hearing within 14 days after the date of service of the notice [LBR 9013-1(o)(3)];

(2)    Movant will lodge an order that the court may use to grant the Motion; and

(3)    The court may treat your failure as a waiver of your right to oppose the Motion and may grant the Motion without further hearing and notice. [LBR 9013-1(h)]

Respectfully submitted,

Date: __05/26/2026__

/s/ Anerio Ventura Altman, Esq.
_____
Signature of Movant or attorney for Movant

Lake Forest Bankruptcy
_____
Printed name of Movant or attorney for Movant

---

This form is optional. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

26632 Towne Centre Drive #300, Foothill Ranch, CA 92610

A true and correct copy of the foregoing document entitled: **NOTICE OF OPPORTUNITY TO REQUEST A HEARING ON MOTION [LBR 9013-1(o)]** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

## 1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF): Pursuant to controlling General Orders

and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) ____05/26/2026____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Anerio V Altman aaltman@ecf.courtdrive.com, lakeforestbankruptcy@jubileebk.net
Jeffrey I Golden (TR) lwerner@go2.law, kadele@go2.law;C205@ecfcbis.com
David M Goodrich dgoodrich@go2.law, kadele@go2.law;dfitzgerald@go2.law;wggllp@ecf.courtdrive.com
Richard G. Heston rheston@hestonlaw.com,
yflores@hestonlaw.com,docs@hestonlaw.com,HestonRR41032@notify.bestcase.com,hestonlaw@recap.email
United States Trustee (SA) ustpregion16.sa.ecf@usdoj.gov

☐ Service information continued on attached page

## 2. SERVED BY UNITED STATES MAIL:

On (*date*) ____05/26/2026____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☑ Service information continued on attached page

## 3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method

for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) ____05/26/2026____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

Delivery to the court per the court manual.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 05/26/2026 | Anerio Ventura Altman, Esq. | /s/ Anerio Ventura Altman, Esq. |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is optional. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

Label Matrix for local noticing
0973-8
Case 8:23-bk-11467-SC
Central District of California
Santa Ana
Tue May 26 21:03:12 PDT 2026

Lake Forest Bankruptcy II, APC
P.O, Box 515381
Los Angeles, CA 90051-6681

Santa Ana Division
411 West Fourth Street, Suite 2030,
Santa Ana, CA 92701-4500

AIM, LLC.
12 Sweet Shade
Irvine, CA 92606-4501

ANTHEM Blue Cross
PO Box Box 73651
Cleveland, OH 44193-1177

AWA COLLECTIONS
PO BOX 6605
ORANGE, CA 92863-6605

Bank Of America
Po Box 982238
El Paso, TX 79998-2238

Brett R. Wishart
4 Venture 390
Irvine, CA 92618-7353

CAPITAL ONE BANK USA
PO BOX 31293
SALT LAKE CITY, UT 84131-0293

BA
25954 EDEN LANDING ROAD
HAYWARD, CA 94545-3816

CITICARDS CBNA
PO BOX 6241
SIOUX FALLS, SD 57117-6241

(p)CMRE FINANCIAL SERVICES INC
3075 E IMPERIAL HWY STE 200
BREA CA 92821-6753

CREDIT ONE BANK NA
PO BOX 98875
LAS VEGAS, NV 89193-8875

Capital One
Attn: General Correspondence/Bankruptcy
PO Box 30285
Salt Lake City, UT 84130-0285

Capital One N.A.
by American InfoSource as agent
PO Box 71083
Charlotte, NC 28272-1083

Credit One Bank
Attn: Bankruptcy
PO Box 98873
Las Vegas, NV 89193-8873

FIDELITY CREDITOR SERV
441 N VARNEY ST FL 2
BURBANK, CA 91502-1733

FRANCHISE TAX BOARD
BANKRUPTCY SECTION MS A340
PO BOX 2952
SACRAMENTO CA 95812-2952

Gerald A. Maggio
120 Exchange 270
Irvine, CA 92602-1316

HOAG Memorial Hospital
2975 Red Hill Ave Ste 200
Costa Mesa, CA 92626-1206

Internal Revenue Service
Centralized Insolvency Operation
Po Box 7346
Philadelphia, PA 19101-7346

MERCEDES BENZ FINANCIA
36455 CORPORATE DR
FARMINGTON HILLS, MI 48331-3552

MGW & Associates
24319 Karry Street
Moreno Valley, CA 92551-3653

Mark Kaller
21401 Lemontree Lane
Huntington Beach, CA 92646-7545

Mercantile Adjustment Bureau, LLC
145 Lawrence Bell Drive 100
Buffalo, NY 14221

NORDSTROM/TD BANK USA
13531 E CALEY AVE
ENGLEWOOD, CO 80111-6504

Newport Emergency Medical Group
PO Box Box 441575
Detroit, MI 48244-1575 .

Newport Harbor Radiology Associates
PO Box 784
Indianapolis, , IN 46206-0784

Power Bail Bonds, Inc.
33175 Temecula Pkwy, #A-143
Wildomar, CA 92595

Quest Diagnostics
Po Box 740987
Cincinnati, OH 45274-0987

Resurgent Receivables, Ltd.
Resurgent Capital Services
PO Box 10587
Greenville, SC 29603-0587

South Coast Bail Bonds / Robot
800 Corporate Drive 250
Ladera Ranch, CA 92694-1185

Synchrony Bank/ Amazon
Attn: Bankruptcy
PO Box 965064
Orlando, FL 32896-5064


TRANSWORLD SYSTEM INC/
500 VIRGINIA DR STE 514
FORT WASHINGTON, PA 19034-2733

UPSTART NETWORK INC/F
2 CIRCLE STAR WAY
SAN CARLOS, CA 94070-6200

United States Trustee (SA)
411 W Fourth St., Suite 7160
Santa Ana, CA 92701-4500


Amerio V Altman
Lake Forest Bankruptcy II, APC
P.O. Box 515381
Los Angeles, CA 90051-6681

Inshad Egap Kaller
25 Via Lucca H329
Irvine, CA 92612-0667

Jeffrey I Golden (TR)
Golden Goodrich LLP
3070 Bristol Street, Suite 640
Costa Mesa, CA 92626-3067


The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).


MRE FINANCE
5075 E IMPERIAL HWY
BREA, CA 92821


The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.


(u)Equity Residential

(d)Mark Kaller
21401 Lemontree Ln
Huntington Beach, CA 92646-7545

End of Label Matrix
Mailable recipients    38
Bypassed recipients     2
Total                  40

Anerio V. Altman, Esq. #228445
Lake Forest Bankruptcy II, APC
26632 Towne Centre Drive #300
Foothill Ranch, CA 92610
Phone and Fax:  (949) 218-2002
avaesq@lakeforestbkoffice.com
**ATTORNEY FOR TRUSTEE**
**JEFFREY I. GOLDEN**

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA –SANTA ANA DIVISION

In re:  INSHAD EGAP KALER

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

**Case No.:** 8:23-bk-11467-SC

**Chapter:** 7

**MOTION TO APPROVE COMPROMISE BETWEEN CHAPTER 7 TRUSTEE JEFFREY I. GOLDEN AND DEFENDANTS MARK KALLER AND ROSE KALLER**

**JUDGE:**
HON. SCOTT C. CLARKSON

**TRUSTEE:**
JEFFREY I. GOLDEN

NO HEARING DATE PURSUANT TO L.R.B.P. 9013-1(o)

///

///

- 1

MOTION TO APPROVE A COMPROMISE

**TO THE HONORABLE SCOTT C. CLARKSON, UNITED STATES BANKRUPTCY JUDGE, TO THE UNITED STATES TRUSTEE AND TO ALL OTHER INTERESTED PARTIES AND THEIR ATTORNEYS OF RECORD:**

JEFFREY I. GOLDEN, Chapter 7 Trustee, hereby requests that the court approve a compromise by and between his office and DEFENDANTS MARK KALLER and ROSE KALLER, ("The Defendants").

## I. APPLICABLE FACTS

A. On July 19, 2023, ("Petition Date"), the Debtor INSHAD EGAP KALLER ("Debtor") filed a voluntary petition under Chapter 7 of Title of the United States Code, Bk. Case No. 8:23-bk-11467-SC ("Bankruptcy Case"). On the same date, Jeffrey I. Golden was appointed as Chapter 7 Trustee for the Estate and continues to serve in that capacity.

B. The Estate has an interest in pre-petition transfers made by the Debtor that are avoidable pursuant to 11 U.S.C. Sec. 544, 547 and 548. In this case, the Estate has an interest in the transfer of the Debtor's interest in certain real property located at 22 Sweet Shade, Irvine, CA 92606 ("Sweet Shade") in the four years prior to the bankruptcy filing.

C. Upon sale of Sweet Shade, the sale proceeds were received by the Debtor's former husband Mark Kaller and then further transferred to Rose Kaller, Mark Kaller's mother.

- 2

MOTION TO APPROVE A COMPROMISE

D. The Trustee has alleged that the transfer of Sweet Shade was for insufficient value, was fraudulent in nature and was intended to divest the Debtor's creditors of assets.

E. The Trustee initiated an Adversary Proceeding on November 3, 2024 as against Mark and Rose Kaller to recover the value of Sweet Shade from the Defendants.

F. The Defendants filed an answer to the complaint on December 28, 2024.

G. The Defendants disputed that the transfer of the value of Sweet Shade was recoverable by the Trustee, or constituted an asset of the estate, or that such transfer was made with any attempt to defraud any of the Debtor's creditors.

H. Parties attended mediation in October and November 2025 as mediated by the Hon. Judge Meredith Jury.

I. Parties reached a settlement in the mediation.

J. The Parties now desire to settle the dispute and dismiss the Adversary Proceeding.

## II.

## ARGUMENT

### A.  UNSECURED CREDITOR BODY

The claims bar date in this case passed on January 2nd, 2024, with the governmental claims bar date passing on January 16, 2024.  According to this Court's webPACER claims register, as of the filing of this Motion, the total unsecured creditor body totals approximately $41.634.63 ("Unsecured Creditors").  A true and correct copy of this Court's webPACER claims register as of April 13, 2026 is attached. Exhibit 2.

### B.  DETAILS OF THE COMPROMISE

- 3

MOTION TO APPROVE A COMPROMISE

Pursuant to the Agreement:

1. The Defendants will deposit $32,500 with the Trustee;

2. Parties, Trustee, on behalf of the estate, and Defendants will release claims against the other; and

3. The Trustee will cease litigation as against the Defendants and dismiss them from the Adversary Proceeding.

Exhibit 1.

## C. LEGAL AUTHORITY

### 1. THE COURT MAY APPROVE A SETTLEMENT OF A PENDING CONTROVERSY

The Court has the authority to decide whether to approve a settlement of claims held by a bankruptcy estate. Notice must be given to all creditors, the United States Trustee, the Debtor and indenture trustees as provided in Rule 2002, and to any other entity as the court may direct. F.R.B.P. 9019(a)

The standards to be applied to the approval of a settlement include the probability of success of the litigation on its merits, the difficulties in collection on a judgment, the complexity of the litigation involved, the expense, inconvenience or delay occasioned by the litigation, and the interest of creditors. In Re A & C Properties 784 F. 2d 1377, 1380-81 (9th Cir. 1986), cert. den., Martin v. Robinson 479 U.S. 854, 107 S. Ct. 189 (1989).

Although the court is to consider the range of results in the litigation, "the court's assessment does not require resolutions of the issues, but only their identification, sot that the *reasonableness* of the settlement may be evaluated" (emphasis added"). In Re Hermitage Inn,

---

- 4

Inc., 66 Bankr. 71, 72 (Bankr. D. Colo. 1986). Moreover, it is *not* the bankruptcy court's responsibility to decide the numerous questions of law and fact with respect to the merits of the litigation, but rather to "canvass the issues and see whether the settlement falls below the lowest point of the range of reasonableness." In Re Heissinger Resources Ltd. 67 Bankr. 378, 383 (C.D. Ill. 1986).

As discussed in more detail below, the uncertainty regarding the outcome of any future litigation, the expense and inconvenience occasioned by such litigation, and the best interest of creditors warrant approval of the proposed settlement.

## 2. PROBABILITY OF SUCCESS IN LITIGATION

The outcome of litigating these issues, while likely to be resolved in the Trustee's favor, is always less definitive than receiving funds in hand from a voluntary payment. This factor weighs in favor of accepting the settlement.

The Parties spent a significant amount of time in mediation and jointly agree with the settlement amount as a reasonable approximation of the Estate's likely net recovery against the Defendants. The Trustee's pursuit of assets against the Defendants arises from the transfer of property through a Martial Settlement Agreement which transferred the Debtor's interest in Sweet Shade. Such property was transferred for reasons that may have made sense by and between the Debtor and Defendant Mark Kaller personally, but did not eliminate the claims of a third-party creditors, or in this case the Chapter 7 Trustee, apprising the issue upon the filing of the petition. The Trustee sitting in the shoes of a *Bona Fide Purchaser* came into possession of a claim for the recovery of property for which no consideration tradeable on the open market was paid.

MOTION TO APPROVE A COMPROMISE

Nevertheless, Defendants had viable claims for offset derived from Mark Kaller's contribution of and to Sweet Shade to the community for which an accounting was required. Sweet Shade was originally property that Defendant Mark Kaller had purchased prior to the marriage. He brought it into the marriage and then deeded an interest to the Debtor for the purpose of qualifying for a line of credit that utilized Sweet Shade as collateral. Proceeds from the line of credit were utilized for a community property business which subsequently collapsed. Parties would physically separate and later divorce. However, after separation, Defendant Mark Kaller would contribute further separate property funds to Sweet Shade.

Nevertheless, Sweet Shade appreciated before the Debtor's name was ultimately removed from title. As such, her community property interest likewise gained interest. While there was no question that there existed a community property interest in Sweet Shade that the Debtor had maintained that was recoverable by the estate, there were also significant offsets.

Further, litigation costs of this case were always paramount in the mind of the Trustee during settlement. The Defendants were represented by Richard Heston, a recognized expert locally in the field of family and bankruptcy law. To seriously dispute the issues, the estate would have needed to argue an issue of family law with Mr. Heston, who was unlikely to fail to zealously represent his clients. Victories at the end of the day could be pyrrhic depending on litigation costs incurred.

After negotiating with the Defendants for some time and considering that the creditor body was not greater than $41.634.63, parties came to an agreement through the efforts of Ret. Judge Meredith Dury, acting as mediator. Settlement for $32,500 was agreed upon by the parties after negotiation.

- 6

MOTION TO APPROVE A COMPROMISE

### 3. THE COMPLEXITY OF THE MATTER

The circumstances of the litigation are not particularly complicated. Nevertheless, determining the value of property at certain fixed times would require expert testimony and evidence. As a result, the cost and logistics of bringing this matter to trial weigh in favor of the settlement.

### 4. INCONVENIENCE OF THE DELAY/BEST INTEREST OF CREDITORS

The proposed litigation would take another year to resolve. This case has been pending for some time. Considering the return to the estate is significant in comparison to the size of the creditor body, this factor weighs in favor of the settlement.

### 5. THE SETTLEMENT IS REASONABLE AND SHOULD BE APPROVED

The Trustee believes that the agreement is fair and reasonable and in the best interest of the Estate for at least the following reasons:

  a. The Trustee is recovering the likely value of Sweet Shade to the estate after costs of litigation including trial are considered;

  b. Bringing the case to trial would have required two or three depositions, discovery and likely dueling dispositive motions;

  c. Trial, while not involving a significant number of parties or witnesses, would have required an expert to testify as to the value of the Defendant Mark Kaller's contributions to Sweet Shade in support of, or denying the effect of, any value. This would have significantly increased the cost of bringing the case

- 7 -

MOTION TO APPROVE A COMPROMISE

to trial;

d. Rose Kaller is a senior citizen, and her personal residence was in jeopardy because of the transfers in question. She herself may have filed a Chapter of bankruptcy solely to keep the litigation at bay; and

e. The creditor pool is not particularly large and $32,500 represents over 78% of the value of the body without considering administrative costs or claims that could be removed from the pool.

The Trustee has therefore determined, in his business judgment, that this compromise represents a reasonable agreement which minimizes the risk and costs of litigation while affecting a substantial recovery of assets by the Estate.

## 6. APPROVING A SETTLEMENT MOTION WITHOUT A HEARING IS PROPER

Rule 9013-1(o) of the Local Bankruptcy Rules ("LBR") provides in relevant part as follows: "Except as to matters specifically noted in paragraph (o)(2)…and as otherwise ordered by the court, any matter which may be set for hearing in accordance with LBR 9013-1 may be determined upon notice of opportunity to request a hearing." LBR 9013-1(o).

Section 102(1)(B) of Title 11 provides that "after notice and a hearing" and similar language "authorizes an act without an actual hearing if such notice is given property and if (i) such a hearing is not requested timely by a part in interest; or (ii) there is insufficient time for a

- 8

hearing to be commenced before such act must be done, and the court authorizes such act[,]" 11 U.S.C. Sec. 102(1)(B).

The Trustee believes the Rule 9013-1(o)(1) procedure is appropriate in this case as the Trustee does not anticipate any opposition to approval of the terms of this compromise because the proposed settlement is fair, reasonable, and will provide for a more efficient and cost effective administration of the Estate, and will therefore serve the best interests of the Estate and its creditors. The procedure will save the Estate the fees and costs associates with conducting a hearing on approval of a matter that the Trustee anticipates will not be opposed.

**VI. CONCLUSION**

For the reasons stated above, the Trustee requests that the Motion to Approve the proposed Compromise be granted, and for such other relief as the Court should direct.

Date: 5/26/20                          Signed:

ANERIO V. ALTMAN, ESQ.
ATTORNEY FOR
CHAPTER 7 TRUSTEE
JEFFREY I. GOLDEN

- 9 -

## <u>DECLARATION OF JEFFREY I. GOLDEN</u>

I, JEFFREY I. GOLDEN, declare as follows:

1. I am over the age of 18 years old and am legally able and competent to testify to the following in a court of law if requested to do so.

2. I am the Chapter 7 Trustee for the Estate.

3. I have been involved at all stages of the litigation concerning the issues complained of in this matter.

4. The documents attached as <u>Exhibit 1</u> is a true and correct copy of the settlement agreement reached with Defendants Mark Kaller and Rose Mary Kaller.

5. I approved this settlement because in consideration of the likely litigation, subjects involved, and identity of Defense Counsel, the settlement that has been approved by the parties is sensible in my professional opinion.

6. If this case went to trial, the estate would need to argue an area of family law in which the Defendant had a viable claim for offset and is represented by counsel extremely well versed in the subject area.

7. Parties asserted in pleadings, and did not dispute, that Sweet Shade was originally property that Defendant Mark Kaller had purchased prior to the marriage. After bringing it into the marriage, he then deeded an interest to the Debtor for the purpose of qualifying for a line of credit that utilized Sweet Shade as collateral. Proceeds from the line of credit were utilized for a community property business which subsequently collapsed. Parties would physically separate and later divorce. However, after separation, Defendant Mark Kaller would contribute further separate property funds to Sweet Shade.

- 10

MOTION TO APPROVE A COMPROMISE

8. Nevertheless, Sweet Shade appreciated before the Debtor's name was ultimately removed from title.  As such, her community property interest likewise gained interest, and the estate possessed a viable claim as against Defendants following the sale of Sweet Shade and disbursal of the funds.  While there was no question that there existed a community property interest in Sweet Shade that the Debtor had maintained that was recoverable by the estate, there were also significant offsets that could be claimed by Defendant Mark Kaller.  This issue was discussed at length during mediation.

9. Litigation costs were considered by me in accepting the settlement.  Litigating this issue with Richard Heston would be costly and might depreciate any settlement value or judgment ultimately acquired.  Attorney Richard Heston represents the Defendants and is well recognized by our community as an expert in both family law and bankruptcy.  We would be arguing a pure issue of family law in discussing Mr. Kaller's right to offset the claims of the estate.  Mr. Heston has the advantage in that situation and is known for zealously defending his clients.

10. Litigation in this matter would take another year before a judgment was required, and that presumes neither Rose nor Mark Kaller filed bankruptcy themselves which would delay any possible recover.

11. With the size of the creditor body, and proposed settlement amount, possible delay of another year or more before any return was received, settlement made more business sense than litigating the matter.

12. I have read the statement of facts contained in this motion and the same is true as to my own knowledge.

---

- 11

MOTION TO APPROVE A COMPROMISE

13. I make these declarations under penalty of perjury of the laws of the United States and know that they are true.

Date:_____          Signed:_____
                                 JEFFREY I. GOLDEN
                                 CHAPTER 7 TRUSTEE

- 12

MOTION TO APPROVE A COMPROMISE

EXHIBIT 1

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

SANTA ANA DIVISION

In re

INSHAD KALLER

Debtor.

Case No. 8:24-ap-01143-SC

Chapter 7

Hon. Scott Clarkson

## SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS

This Settlement Agreement and Release of Claims (the "Settlement Agreement") is entered into by and between the following parties (each a "Party," and collectively, the "Parties"): (a) Jeffrey I. Golden in his capacity as chapter 7 trustee (the "Trustee") of In Re: Inshad Kaller ("Kaller Matter"), the chapter 7 debtor in the above-captioned case and (b) Mark Kaller and (c) Rose Kaller, Defendants in the Adversary Proceeding *Jeffrey I. Golden vs. Mark Kaller and Rose Kaller* 8:24-ap-01143-SC.

## RECITALS

WHEREAS, On July 19, 2023, ("Petition Date"), the Debtor filed a voluntary petition under Chapter 7 of Title of the United States Code, Bk. Case No. 8:23-bk-11467-SC ("Bankruptcy Case"). On the same date, Jeffrey I. Golden was appointed as Chapter 7 Trustee for the Estate and continues to serve in that capacity;

WHEREAS, the Estate has an interest in pre-petition transfers made by the Debtor that are avoidable pursuant to 11 U.S.C. Sec. 544, 547 and 548. In this case, the Estate has an interest in the transfer of the Debtor's interest in certain real property located at 22 Sweet Shade, Irvine, CA 92606 ("Sweet Shade") in the four years prior to the bankruptcy filing;

WHEREAS, upon sale of Sweet Shade, the sale proceeds were received by Mark Kaller and then further transferred to Rose Kaller. (Hereinafter Mark and Rose Kaller may be referred to as the "Defendants");

WHEREAS, the Trustee has alleged that the transfer of Sweet Shade was for insufficient value, was fraudulent in nature and was intended to divest the Debtor's creditors of assets;

WHEREAS, the Trustee initiated an Adversary Proceeding on November 3, 2024 as against Mark and Rose Kaller to recover the value of Sweet Shade from the Defendants;

WHEREAS, the Defendants filed an answer to the complaint on December 28, 2024;

1

SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS

WHEREAS, the Defendants disputed that the transfer of the value of Sweet Shade was recoverable by the Trustee, or constituted an asset of the estate, or that such transfer was made with any attempt to defraud any of the Debtor's creditors;

WHEREAS, Parties attended mediation in October and November 2025 as mediated by the Hon. Judge Meredith Jury;

WHEREAS, Parties reached a settlement in the mediation;

WHEREAS, The Parties now desire to settle the dispute and dismiss the Adversary Proceeding.

NOW THEREFORE, the Parties, intending to be legally bound and for good and valuable consideration, the receipt of which is hereby acknowledged, agree as follows:

1. Recitals. The Recitals set forth above are incorporated herein by reference.

2. Effective Date. This Settlement Agreement shall become effective on the date (the "Effective Date") on which the Bankruptcy Court's order approving this Settlement Agreement becomes a final, non-appealable order.

3. Settlement Term. The Defendants shall pay the Trustee a total of Thirty Two Thousand Five Hundred Dollars ($32,500)("Settlement Payment") in one lump sum payment. The payment shall be received by the Trustee no later than 30 days after this Agreement is approved. The Settlement Payment, whether paid in part or full, shall become property of the Estate and the Defendants shall have no right to a refund or return of any portion of the Settlement Payment tendered to the Trustee. There is no penalty for pre-payment of the Settlement Payment.

4. Waiver of Distribution on Chapter 7 Claim. Mark and Rose Kaller agree to waive any distribution from the R&LS estateEstate with respect to the any claim they may have against the Estate._

5. Dismissal of the Adversary Proceeding. Upon approval of this agreement, the Trustee will file a Motion to Dismiss the complaint in Adversary Proceeding pursuant to FRBP 7041.

6. Mutual Release. Except as noted in section 7 below, the Trustee, on behalf of each himself, and the R&LS estateEstate, and Mark Kaller and Rose Kaller (the "Releasing Parties") hereby mutually release one another and any of their officers, employees, directors, shareholders, partners, members, agents, attorneys, representatives, subsidiaries, divisions, affiliates, successors, trustees, heirs, and assigns (the "Released Parties") of and from any and all claims, actions, causes of action, suits, proceedings, contracts, judgments, damages, accounts, and liabilities whatsoever of every name and nature, whether known or unknown, whether or not well founded in fact or in law, and whether in law, at equity, or otherwise, which, the Trustee, Mark Kaller, Rose Kaller or the R&LS bankruptcy estateEstate, ever had or now has for or by reason of any matter, cause, or anything whatsoever, whether relating to or arising out of Adversary Proceeding or otherwise, including without limitation any actual or alleged act or omission of any of the Released Parties (the "Mutual Release").

2
SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS

7. <u>Mutual Release Exceptions</u>.

    a. The Mutual Release shall not prohibit or in any way prevent the Releasing Parties from asserting their respective rights to enforce the terms of this Settlement Agreement or any Bankruptcy Court order approving the Settlement Agreement.

    b. Nothing in this Settlement Agreement or any Bankruptcy Court order approving the Settlement Agreement shall be interpreted to release or extinguish any claims, actions, causes of action, suits, proceedings, contracts, judgments, damages, accounts, and liabilities whatsoever of every name and nature existing as of the Effective Date, whether known or unknown, whether or not well founded in fact or in law, and whether in law, at equity, or otherwise, which the Released Parties ever had or now has against any third party.

8. <u>Bankruptcy Court Approval Required.</u> This Settlement Agreement is subject to approval of the Bankruptcy Court. Upon execution of this Settlement Agreement by Defendants, Trustee shall promptly file a motion with the Bankruptcy Court seeking approval of this Settlement Agreement pursuant to FED. R. BANKR. P. 9019. <u>In the event the Trustee determines a Motion under FED. R. BANKR. P. 9019 is impractical, the Trustee reserves the right to not file a Motion as provided in this paragraph.</u> This Settlement Agreement shall be of no force or effect until it is approved by the Bankruptcy Court through the entry of an order approving this Settlement Agreement. This Settlement Agreement shall be binding upon and shall inure to the benefit of the Parties and their respective successors, affiliates, and assigns. In the event this Settlement Agreement is not approved, each of the Parties shall be returned to their position *status quo ante*.

9. <u>Miscellaneous.</u>

    a. <u>Entire Agreement.</u> No promise, inducement, commitment, or other agreement not expressly set forth herein has been made with respect to this Settlement Agreement or the subject matter hereof. This Settlement Agreement contains the entire agreement by and among the Parties with respect to all matters related hereto. All prior agreements and understandings, oral agreements, and writings regarding the matters set forth herein (if any) are expressly superseded hereby and are of no further force or effect.

    b. <u>Amendments.</u> This Settlement Agreement may not be altered, amended, or modified in any respect except by a writing duly executed by both Parties. For the avoidance of doubt, email signatures shall not constitute a signed writing. Any material alterations, amendments, or modifications entered after Bankruptcy Court approval must be approved by the Bankruptcy Court before going into effect.

    c. <u>Binding Effect; Third Parties.</u> This Settlement Agreement shall be binding on and inure to the benefit of each Party and its successors and assigns.

SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS

d. <u>No Admission of Wrongdoing</u>. In entering into this Settlement Agreement, no Party is admitting any fault or liability of any kind whatsoever to each other or to any third party. Nothing in this Settlement Agreement is or shall be construed to be an admission of liability or wrongdoing by any Party.

e. <u>Defense.</u> This Settlement Agreement may be pleaded as a full and complete defense in any subsequent action or other proceeding concerning any and all of the claims, counterclaims, causes of action, assertions, issues, defenses, or other matters released by this Settlement Agreement, except for claims arising directly from this Settlement Agreement and the claims expressly carved out in section 10 of this Settlement Agreement.

f. <u>Venue and Jurisdiction</u>. The Bankruptcy Court shall retain jurisdiction and venue over the subject matter of this Settlement Agreement and the Parties for the duration of the performance of the terms and provisions of this Settlement Agreement for the purpose of enabling any of the Parties to apply to the Bankruptcy Court at any time for such further order, direction, and relief as may be necessary or appropriate for the construction or interpretation of this Settlement Agreement or to effectuate or enforce compliance with its terms.

g. <u>Applicable Law</u>. This Settlement Agreement shall be governed, interpreted, construed, and enforced in accordance with the laws of the state of ~~Texas~~California.

h. <u>Assignability</u>. Neither Party may assign this Settlement Agreement without the prior written consent of each Party.

i. <u>Authority</u>. Each Party represents and warrants that the signatory to this Settlement Agreement on behalf of such Party has the full power and authority to enter into this Settlement Agreement on behalf of such Party and to bind such Party to the terms of this Settlement Agreement.

j. <u>Counterparts</u>. This Settlement Agreement may be executed in any number of counterparts, each of which shall be deemed an original, but all of which taken together shall constitute one and the same instrument. Signature pages emailed in a portable document format (.PDF) shall be acceptable and deemed binding on all Parties hereto as if they were originals.

*[signature page follows]*

4

SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS

**IN WITNESS HEREOF,** the Parties have each approved and executed this Settlement Agreement.

Dated: _____

_____
Jeffrey I. Golden, Chapter 7 Trustee

Dated: _/-30-2026_

_____
Mark Kaller
Defendant

Dated: _/-30-2026_

_____
Rose Kaller
Defendant

5

SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS

EXHIBIT 2

# Central District of California
# Claims Register

### 8:23-bk-11467-SC Inshad Egap Kaller and Mark Kaller

| | |
|---|---|
| **Judge:** Scott C Clarkson | **Chapter:** 7 |
| **Office:** Santa Ana | **Last Date to file claims:** 01/02/2024 |
| **Trustee:** Jeffrey I Golden (TR) | **Last Date to file (Govt):** 01/16/2024 |

| | | |
|---|---|---|
| *Creditor:* (41615566)<br>Internal Revenue Service<br>Centralized Insolvency Operation<br>Po Box 7346<br>Philadelphia, PA 19101-7346 | **Claim No: 1**<br>*Original Filed*<br>*Date:* 10/03/2023<br>*Original Entered*<br>*Date:* 10/03/2023 | *Status:*<br>*Filed by:* CR<br>*Entered by:* Timothy C Schakow<br>*Modified:* |

Amount claimed: $33797.08
Secured claimed: $0.00
Priority claimed: $11933.00

*History:*

Details ❷ 1-1 10/03/2023 Claim #1 filed by Internal Revenue Service, Amount claimed: $33797.08 (Schakow, Timothy)

*Description:*

*Remarks:*

| | | |
|---|---|---|
| *Creditor:* (41708689)<br>FRANCHISE TAX BOARD<br>BANKRUPTCY SECTION MS A340<br>PO BOX 2952<br>SACRAMENTO CA 95812-2952 | **Claim No: 2**<br>*Original Filed*<br>*Date:* 10/06/2023<br>*Original Entered*<br>*Date:* 10/06/2023 | *Status:*<br>*Filed by:* CR<br>*Entered by:* Joshua E Dubins<br>*Modified:* |

Amount claimed: $6075.00
Priority claimed: $6075.00

*History:*

Details ❷ 2-1 10/06/2023 Claim #2 filed by FRANCHISE TAX BOARD, Amount claimed: $6075.00 (Dubins, Joshua)

*Description:* (2-1) Claim Filed

*Remarks:*

| | | |
|---|---|---|
| *Creditor:* (41715711)<br>Capital One N.A.<br>by American InfoSource as agent<br>PO Box 71083<br>Charlotte, NC 28272-1083 | **Claim No: 3**<br>*Original Filed*<br>*Date:* 10/12/2023<br>*Original Entered*<br>*Date:* 10/12/2023 | *Status:*<br>*Filed by:* CR<br>*Entered by:* Harsha Somani<br>*Modified:* |

Amount claimed: $491.59

*History:*

Details ❷ 3-1 10/12/2023 Claim #3 filed by Capital One N.A., Amount claimed: $491.59 (Somani, Harsha)

*Description:*

*Remarks:*

Creditor:          (41789226)              Claim No: 4                    Status:
Resurgent Receivables, LLC                 Original Filed                 Filed by: CR
Resurgent Capital Services                 Date: 12/15/2023               Entered by: Lore'l Thompson
PO Box 10587                               Original Entered               Modified:
Greenville, SC 29603-0587                  Date: 12/15/2023

Amount claimed: $663.02
Secured claimed:    $0.00

History:

Details  ●  4-1    12/15/2023 Claim #4 filed by Resurgent Receivables, LLC, Amount claimed: $663.02 (Thompson, Lore'l)

Description:
Remarks:

Creditor:          (41789226)              Claim No: 5                    Status:
Resurgent Receivables, LLC                 Original Filed                 Filed by: CR
Resurgent Capital Services                 Date: 12/15/2023               Entered by: Brande M McCann
PO Box 10587                               Original Entered               Modified:
Greenville, SC 29603-0587                  Date: 12/15/2023

Amount claimed: $607.94
Secured claimed:    $0.00

History:

Details  ●  5-1    12/15/2023 Claim #5 filed by Resurgent Receivables, LLC, Amount claimed: $607.94 (McCann, Brande)

Description:
Remarks:

# Claims Register Summary

**Case Name:** Inshad Egap Kaller and Mark Kaller
**Case Number:** 8:23-bk-11467-SC
**Chapter:** 7
**Date Filed:** 07/19/2023
**Total Number Of Claims:** 5

| Total Amount Claimed* | $41634.63 |
|---|---|
| Total Amount Allowed* | |

*Includes general unsecured claims

**The values are reflective of the data entered. Always refer to claim documents for actual amounts.**

| | Claimed | Allowed |
|---|---|---|
| Secured | $0.00 | |
| Priority | $18008.00 | |
| Administrative | | |

| **PACER Service Center** | |
|---|---|
| **Transaction Receipt** | |
| | |

5/26/26, 9:01 PM Case 8:23-bk-11467-SC Doc 33 Filed 05/26/26 CM/ECF - U.S. Bankruptcy Court (NG 1.9.14V2) Entered 05/26/26 21:10:45 Desc Main Document Page 27 of 27

05/26/2026 21:01:09

| PACER Login: | atty228445 | Client Code: | |
|---|---|---|---|
| Description: | Claims Register | Search Criteria: | 8:23-bk-11467-SC Filed or Entered From: 5/6/2020 Filed or Entered To: 12/31/2026 |
| Billable Pages: | 1 | Cost: | 0.10 |